IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG ALAN PIERI,

    Petitioner,

v.                                                                          Civ. 13-464 MCA/GBW

JAMES JANECKA and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *Doc. 1.*  I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims.  I recommend that Petitioner be given thirty days to voluntarily dismiss his unexhausted claims or to provide evidence that he has properly exhausted those claims in state court.  If, within thirty days, Petitioner does not provide evidence of exhaustion and does not elect to dismiss the unexhausted claims, I recommend dismissing his petition without prejudice.

I.      PROCEDURAL BACKGROUND

    A.    Petitioner's State Level Proceedings

On December 12, 2008, Petitioner Craig Pieri was convicted of multiple counts of criminal sexual penetration in the first and third degrees, kidnapping, sexual

exploitation, and delinquency of a minor, committed against his daughter.[1] *Doc. 10*, Ex. A. He was sentenced to a term of 90 years, less three years and fourteen days of pre-sentence confinement credit. *Id.*

On May 11, 2009, Petitioner filed a direct appeal of his convictions, seeking relief on the basis of (1) violations of his Fifth, Sixth, and Fourteenth Amendment rights when the trial judge in the second trial refused to let Petitioner's new trial counsel interview the child victim or to require the child victim to testify at trial; (2) violations of his Fifth, Sixth, and Fourteenth Amendment rights when the trial judge restricted defense counsel's cross examination of certain expert witnesses; (3) violations of his Fifth and Fourteenth Amendment rights arising from the improper admission of certain sexually explicit drawings; (4) violations of his Fifth and Fourteenth Amendment rights arising from the improper admission of Petitioner's statement to a polygrapher; (5) violations of his Fifth and Fourteenth Amendment rights when the trial court denied Petitioner's pre-trial motion for a bill of particulars; (6) and wrongful denial of Petitioner's motion for a directed verdict. *Id.*, Ex. C. On January 28, 2011, the appellate court denied Petitioner's appeal on all grounds. *Id.*, Ex. G.

Petitioner sought to further appeal his case to the New Mexico Supreme Court through by filing for a writ of certiorari on each of the topics raised in Petitioner's appeal, with the exception of the claim of restricted cross examination of certain expert

---

[1] The first trial against Petitioner ended in a mistrial. *Doc. 10*, Ex. C.

witnesses. *Id.*, Ex. H. On March 14, 2011, the request was summarily dismissed by the Supreme Court. *Id.*, Ex. I.

Petitioner filed his initial state petition for writ of habeas corpus on September 30, 2011. *Id.*, Ex. K. This petition lists several bases for relief, summarized as follows: (1) ineffective assistance of counsel at trial; (2) denial of Petitioner's Confrontation Clause rights both because the victim was permitted to testify via video deposition (stated twice as grounds 2 and 6) and because of the admission of Petitioner's statement to the polygrapher; (3) violation of Petitioner's due process rights because of the admission of the sexually explicit drawings, because of the trial court's failure to grant a directed verdict, because of the admission of testimony of the victim's psychologist, and because the trial court proceeded with trial without ruling on all pre-trial motions; (4) failure of the prosecution to prove jurisdiction by establishing Petitioner's presence in New Mexico at the times the crimes in question were committed; (5) failure of the prosecution to disclose evidence favorable to Petitioner; (6) ineffective assistance of appellate counsel; and (7) actual innocence. *Id.* This petition was summarily dismissed by District Judge Douglas Driggers on October 5, 2011. *Id.*, Ex. L.

Petitioner filed a motion for the New Mexico Supreme Court to accept his petition for writ of certiorari regarding his habeas petition as timely on August 22, 2012. *Id.*, Ex. M. In his motion, he explained that he had attempted to timely file his petition for writ of certiorari and had not been aware that it had not been received by the New

Mexico Supreme Court until the issue was brought to his attention because of the subsequent federal habeas action. *Id.* The motion was granted on October 12, 2012. *Id.*, Ex O.

In his petition before the New Mexico Supreme Court, Petitioner again raised claims of (1) ineffective assistance of trial counsel; (2) failure of the trial court to rule on all pre-trial motions prior to trial; (3) denial of Petitioner's Confrontation Clause right because of his, and his trial counsels' inability to cross-examine the victim at trial; (4) the wrongful admission of the sexually explicit drawings, Petitioner's statement to the polygrapher, and the victim's psychologist's testimony; (5) the failure of the prosecution to prove Petitioner's presence in New Mexico at the time the crimes were committed; (6) the failure of the prosecution to disclose evidence favorable to the Petitioner to Petitioner; (7) the wrongful denial of Petitioner's directed verdict; (8) ineffective assistance of appellate counsel; and (9) actual innocence. *Id.,* Ex. N.

Also on October 12, 2012, the New Mexico Supreme Court ordered the State to address Petitioner's claim regarding the admission of the testimony of the victim's psychologist as an alleged violation of Petitioner's due process rights. *Id.,* Ex. P. The State responded on October 26, 2012. *Id.,* Ex. Q). The state petition was denied on December 5, 2012. *Id.,* Ex. R.

    **B.**    **Petitioner's Federal Proceedings**

4

After his state habeas petition was denied by the trial judge but before Petitioner had appealed that decision, he filed[2] a federal petition for writ of habeas corpus on February 22, 2012.  *First Federal Action, doc. 1.*[3] That action was dismissed on December 31, 2012, because of Petitioner's failure to exhaust his claims at the state level.  *Id., doc. 19.*  Petitioner filed the instant Petition on May 17, 2012.  *Instant Case, doc. 1.*

## II.    PETITIONER'S CLAIMS

Petitioner raises the following twelve grounds for relief in the instant Petition:

1. Ineffective assistance of counsel at his first and second trials because:

    a. At the first trial, his counsel failed to investigate or develop the child's testimony, and failed to communicate with Petitioner or interview witnesses (*doc. 1* at 6)[4];
    b. At the second trial, his new counsel failed to further develop the child's testimony (*id.*);
    c. At the second trial, his new counsel was impaired by medication, that new counsel lost evidence, and that witnesses in the first trial were not presented at the second trial (*id.*);

2. Denial of the right to confront the child by not being allowed to remain in the courtroom during her videotaped deposition, by being denied a subsequent videotaped interview of her and the right to cross-examine her, and by not disclosing his presence to the child during her videotaped deposition (*id.* at 7);

3. Denial of due process by admission of sexually explicit drawings without a proper foundation (*id.* at 8);

---

[2] First, Petitioner apparently attempted to mail this Court his appeal of Judge Drigger's decision, in which he reiterated the grounds described above, on November 1, 2011.  *Id.*, Ex. N.
[3] Civil Case No. 1:12-cv-00165-MCA-LAM (hereinafter "First Federal Action").
[4] For ease of reference, the pages numbers cited throughout this Report are the page numbers assigned by the CM/ECF electronic docketing system, not the page numbers contained on the original documents themselves.

5

4. Improper admission of unrecorded and "un-Mirandized" statements made by Petitioner following a polygraph test (*id.* at 10);

5. Lack of jurisdiction over Petitioner because the state failed to prove he was in New Mexico during the relevant time period (*id.* at 13);

6. Error by the trial court in denying Petitioner's second trial counsel an opportunity to interview the child, in not allowing Petitioner to be present in the courtroom during the taping of her videotaped deposition, and in not allowing an adequate opportunity to cross-examine the child (*id.* at 14);

7. Failure by the prosecution to disclose evidence favorable to Petitioner (*id.* at 15);

8. Improper denial of Petitioner's motions for a bill of particulars and for a directed verdict (*id.* at 17);

9. Improper admission of psychologist's testimony regarding the victim's credibility (*id.* at 19);

10. Ineffective assistance of appellate counsel for failure to communicate with Petitioner (*id* at 21);

11. Denial of due process by trial court by failing to address or rule on all of Petitioner's pre-trial motions prior to the commencement of trial (*id.* at 22);

12. Improper denial of new trial or evidentiary hearing after Petitioner claimed actual innocence (*id.* at 24).

Respondent argues Petitioner has not properly exhausted state remedies as to certain claims in Grounds 1, 2, 6, and 12. *Doc. 11* at 3-4. Consequently, Respondent contends that the Petition should be dismissed as a mixed Petition.

### III.   THE PETITION

    A.   **The Exhaustion Requirement**

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[5] 28 U.S.C. § 2254(b)(1)(A). In order to properly exhaust state remedies as required by 28 U.S.C. § 2254, a prisoner must "fairly present" his federal claims to the state courts. "'Fair presentation' of a prisoner's [federal] claim to the state courts means that the substance of the claim must be raised there." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). Because the purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the petition must alert state courts "to the fact that the prisoner is asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)) (internal brackets omitted). The petitioner need not "cite 'book and verse on the federal constitution,'" *Berg v. Foster*, 244 F. App'x 239, 244 (10th Cir. 2007) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)), but "[t]he federal quality of the rights asserted [must be] sufficiently discernable to fairly apprise the [state] court of the federal nature of [petitioner's] claims." *Bowser v. Boggs*, 20 F.3d 1060, 1063 (10th Cir. 1994). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

---

[5] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

7

### B. Petitioner's Exhaustion of State Remedies

Respondent concedes, and I agree, that Petitioner has exhausted state remedies as to Grounds 3, 4, 5, 7, 8, 9, 10, and 11. As to the remaining grounds, it appears that Petitioner has failed to exhaust state remedies regarding subpart c of Ground 1, and has properly exhausted his state remedies as to Grounds 2, 6, and 12.

#### i. Ground 1

As described above in Section II, Ground 1 of the Petition contains three subparts. While I am satisfied that Petitioner has exhausted state remedies as to subparts a and b, Respondent correctly asserts that this claim is at least partially unexhausted. In his federal Petition, Petitioner raises for the first time subpart c, regarding second trial counsel's conduct (other than failing to develop the victim's testimony). *Doc. 11* at 3.

#### ii. Ground 2

Respondent argues that Petitioner raises a new and unexhausted Confrontation Clause claim in his federal petition about the victim making "outrageous statements" to her therapists. *Doc. 11* at 3. This assertion is not a new Confrontation Clause claim.

The essence of this aspect of Petitioner's Ground 2 claim is that between the time that the victim's video deposition was taken and Petitioner's second criminal trial, new evidence allegedly emerged on which Petitioner believes he should have been permitted to cross examine the victim. *See doc. 10,* Ex. N at 3-F, *doc. 1* at 7. Petitioner's

8

state habeas petition asserts that this new evidence came, at least in part, from the "CYFD"[6] files related to his case. The Court is convinced that the "outrageous statements" to which Petitioner refers in his federal case are some of the matters in the CYFD files on which Petitioner argued, in his state petition, that he should be able to cross-examine the victim. As such, I will treat Petitioner's Ground 2 as properly exhausted.

### iii. Ground 6

On this Ground, Respondent states that Petitioner has raised a new Confrontation Clause claim in regards to the statement made by the victim's therapist, Carol McKelvey. *Doc. 11* at 4. While Ground 6 does mention a statement made by the therapist, it is not raising a new Confrontation Clause issue focused on the therapist. Instead, the statement is presented to further explain Petitioner's fundamental claim, articulated in his state habeas petition, that he was denied his rights when his counsel from the second trial was denied the opportunity to interview the victim. *See doc. 10*, Ex. N at 3-F, *doc. 1* at 14. I therefore will treat Petitioner's Ground 6 as properly exhausted.

### iv. Ground 12

Finally, Respondent contends that Petitioner's Ground 12 raises a new Eighth Amendment cruel and unusual punishment claim. *Doc. 11* at 4. Petitioner's Ground 12 is an actual innocence claim, with the "cruel and unusual punishment" statement

---

[6] Presumably a reference to the New Mexico Children, Youth, and Families Department.

9

appearing to refer to the fact that imprisoning someone who is actually innocent would be cruel and unusual. *See doc. 10*, Ex. N at 3-L, *doc. 1* at 25. Petitioner raised this very claim in his state habeas petition. Although his argument before the state court relied on the state constitution, he explicitly stated that this was because he believed it provided greater protection on such a claim than its federal counterpart. Because I conclude that this claim was fairly presented to the state court, I will treat Petitioner's Ground 6 as properly exhausted.

### C. Treatment of a Mixed Petition

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). When a petition is mixed, the Court has four options: it can "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

I do not recommend that this Court follow the first, second, or fourth options on the basis of judicial efficiency. The Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations begins to run when the state court "judgment

10

bec[omes] final by the conclusion of direct review." *See* 28 U.S.C. § 2244(d); (d)(1)(A). When, as here, a petitioner appeals his conviction, the judgment is final when (1) the state court of last resort has ruled and (2) the time for filing a petition to the U.S. Supreme Court—ninety days—has passed. *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner therefore has until March 5, 2014 to refile his action and it seems likely he would do so, given his pursuit of appeals until this point. Dismissal of his Petition would therefore likely result in an unnecessary duplication of this action. Likewise, it is inefficient to grant yet another stay to permit Petitioner to pursue exhaustion of Ground 1. Nor is the fourth option ideal. As the Supreme Court has explained, strict enforcement of the exhaustion requirement is desirable because it "promotes comity and does not unreasonably impair the prisoner's right to relief. . . . *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also Rockwell v. Yukins*, 217 F.3d 421, 425 (10th Cir. 2000) (explaining that ruling on a mixed petition is only appropriate where exceptional circumstances excuse the failure to exhaust the unexhausted claims.).

The third option is most appropriate here: Petitioner should be given thirty days to excise his unexhausted claims presented in Ground 1 as follows: that his counsel was ineffective at the second trial, because his counsel was impaired by medication, lost evidence, and did not call all the witnesses which were called in the first trial.

## IV. CONCLUSION

For the forgoing reasons, I have found that Petitioner has failed to exhaust his

state remedies as to part of Ground 1 of his Petition.  Because his petition is mixed, I recommend that the Court allow Petitioner thirty days to voluntarily dismiss the unexhausted claim or to provide evidence demonstrating exhaustion.  If Petitioner fails to dismiss the unexhausted claim or provide supplementary evidence of exhaustion, I recommend that the Court dismiss his petition in its entirety.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**