IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG ALAN PIERI,

     Petitioner,

v.                                          Civ. 13-464 MCA/GBW

JAMES JANECKA and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

     Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1.* Having thoroughly reviewed the pleadings and the record before the Court, I find Petitioner's claims to be meritless. I therefore recommend dismissing his petition with prejudice.

**I.    PROCEDURAL BACKGROUND**

**A.    Petitioner's State Level Proceedings**

On December 12, 2008, Petitioner Craig Pieri was convicted of multiple counts of criminal sexual penetration in the first and third degrees, kidnapping, sexual exploitation, and delinquency of a minor, committed against his daughter.[1] *Doc. 10*, Ex. A. He was sentenced to a term of 90 years, less three years and fourteen days of pre-sentence confinement credit. *Id.*

---

[1] The first trial against Petitioner, in [date], ended in a mistrial. *Doc. 10,* Ex. C.

On May 11, 2009, Petitioner filed a direct appeal of his convictions, seeking relief on the basis of (1) violations of his Fifth, Sixth, and Fourteenth Amendment rights when the trial judge in the second trial refused to let Petitioner's new trial counsel interview the child victim or to require the child victim to testify at trial; (2) violations of his Fifth, Sixth, and Fourteenth Amendment rights when the trial judge restricted defense counsel's cross examination of certain expert witnesses; (3) violations of his Fifth and Fourteenth Amendment rights arising from the improper admission of certain sexually explicit drawings; (4) violations of his Fifth and Fourteenth Amendment rights arising from the improper admission of Petitioner's statement to a polygrapher; (5) violations of his Fifth and Fourteenth Amendment rights when the trial court denied Petitioner's pre-trial motion for a bill of particulars; and (6) wrongful denial of Petitioner's motion for a directed verdict.  *Id.,* Ex. C.  On January 28, 2011, the appellate court denied Petitioner's appeal on all grounds.  *Id.,* Ex. G.

Petitioner sought to further appeal his case to the New Mexico Supreme Court by filing for a writ of certiorari on each of the topics raised in Petitioner's first appeal, with the exception of the claim of restricted cross examination of certain expert witnesses. *Id.,* Ex. H. On March 14, 2011, the request was summarily dismissed by the Supreme Court. *Id.,* Ex. I.

Petitioner filed his initial state petition for writ of habeas corpus on September 30, 2011.  *Id.,* Ex. K.  This petition lists several bases for relief, summarized as follows:

2

(1) ineffective assistance of counsel at trial;  (2) denial of Petitioner's Confrontation

Clause rights both because the victim was permitted to testify via video deposition

(stated twice as grounds 2 and 6) and because of the admission of Petitioner's statement

to the polygrapher; (3) violation of Petitioner's due process rights because of the

admission of the sexually explicit drawings, because of the trial court's failure to grant a

directed verdict, because of the admission of testimony of the victim's psychologist, and

because the trial court proceeded with trial without ruling on all pre-trial motions; (4)

failure of the prosecution to prove jurisdiction by establishing Petitioner's presence in

New Mexico at the times the crimes in question were committed; (5) failure of the

prosecution to disclose evidence favorable to Petitioner; (6) ineffective assistance of

appellate counsel; and (7) actual innocence.  *Id.*  This petition was summarily dismissed

by District Judge Douglas Driggers on October 5, 2011.  *Id.,* Ex. L.

On August 22, 2012, Petitioner filed a motion for the New Mexico Supreme Court

to accept his petition for writ of certiorari regarding his habeas petition as timely.  *Id.,*

Ex. M.  In his motion, he explained that he had attempted to timely file his petition for

writ of certiorari and had not been aware that it had not been received by the New

Mexico Supreme Court until the issue was brought to his attention because of the

subsequent federal habeas action.  *Id.*  The motion was granted on October 12, 2012.  *Id.,*

Ex O.

In his petition before the New Mexico Supreme Court, Petitioner again raised claims of (1) ineffective assistance of trial counsel; (2) failure of the trial court to rule on all pre-trial motions prior to trial; (3) denial of Petitioner's Confrontation Clause right because of his, and his trial counsels', inability to cross examine the victim at trial; (4) the wrongful admission of the sexually explicit drawings, Petitioner's statement to the polygrapher, and the victim's psychologist's testimony; (5) the failure of the prosecution to prove Petitioner's presence in New Mexico at the time the crimes were committed; (6) the failure of the prosecution to disclose evidence favorable to the Petitioner to Petitioner; (7) the wrongful denial of Petitioner's directed verdict; (8) ineffective assistance of appellate counsel; and (9) actual innocence.  *Id.,* Ex. N.

Also on October 12, 2012, the New Mexico Supreme Court ordered the State to respond to ground nine of Petitioner's petition, regarding the admission of the testimony of the victim's psychologist as an alleged violation of Petitioner's due process rights.  *Id.,* Ex. P.  The State responded on October 26, 2012.  *Id.,* Ex. Q.  The state petition was denied on December 5, 2012.  *Id.,* Ex. R.

**B.    Petitioner's Federal Proceedings**

After his state habeas petition was denied by the trial judge but before Petitioner had appealed that decision, he filed[2] a federal petition for writ of habeas corpus on

---

[2] First, on November 1, 2011, Petitioner apparently attempted to mail this Court his appeal of Judge Drigger's decision, in which he reiterated the grounds described above.  *Id.,* Ex. N.

4

February 22, 2012.  *First Federal Action, doc. 1*.[3] That action was dismissed on December

31, 2012, because of Petitioner's failure to exhaust his claims at the state level.  *Id., doc.*

*19.*  Petitioner filed the instant Petition on May 17, 2012.  *Instant Case, doc. 1.*  On October

24, 2013, I filed a Proposed Findings and Recommended Disposition (PFRD),

determining that the Petition contained both exhausted and unexhausted claims and

recommending dismissal on that basis.  *Doc. 13*.  On November 4, 2013, Petitioner filed a

Motion to Voluntarily Dismiss, in which he agreed to dismiss the claim I identified as

unexhausted. *Doc. 14*.  I will therefore grant Petitioner's Motion and consider the

remainder of the Petition on the merits.

## II.   PETITIONER'S CLAIMS

Petitioner has raised, and properly exhausted, the following twelve grounds for

relief in the instant Petition:

1.  Ineffective assistance of counsel at his first and second trials because:

     a.  At the first trial, his counsel failed to investigate or develop the child's
         testimony, and failed to communicate with Petitioner or interview
         witnesses (*doc. 1* at 6)[4];
     b.  At the second trial, his new counsel failed to further develop the child's
         testimony (*id.*);

2.  Ineffective assistance of appellate counsel for failure to communicate with
    Petitioner (*id.* at 21);

---

[3] Civil Case No. 1:12-cv-00165-MCA-LAM (hereinafter "First Federal Action").
[4] For ease of reference, the pages numbers cited throughout this Report are the page numbers assigned by the CM/ECF electronic docketing system, not the page numbers contained on the original documents themselves.

3. Denial of the right to confront the child by not being allowed to remain in the courtroom during her videotaped deposition, by being denied a subsequent videotaped interview of her and the right to cross-examine her, and by not disclosing his presence to the child during her videotaped deposition (*id.* at 6);

4. Denial of due process by admission of sexually explicit drawings without a proper foundation (*id.* at 8);

5. Improper admission of unrecorded and "un-Mirandized" statements made by Petitioner following a polygraph test (*id.* at 10);

6. Lack of jurisdiction over Petitioner because the state failed to prove he was in New Mexico during the relevant time period (*id.* at 13);

7. Error by the trial court in denying Petitioner's second trial counsel an opportunity to interview the child, and in not allowing an adequate opportunity to cross-examine the child (*id.* at 14);

8. Failure by the prosecution to disclose evidence favorable to Petitioner (*id.* at 15);

9. Improper denial of Petitioner's motions for a bill of particulars and for a directed verdict (*id.* at 17);

10. Improper admission of psychologist's testimony regarding the victim's credibility (*id.* at 19);

11. Denial of due process by trial court by failing to address or rule on all of Petitioner's pre-trial motions prior to the commencement of trial (*id.* at 22);

12. Improper denial of new trial or evidentiary hearing after Petitioner claimed actual innocence (*id.* at 24).

## III.  STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a federal court may only grant a state prisoner's

application for writ of habeas corpus where the state prisoner is held in "in violation of

the Constitution or laws or treaties of the United States" and the prisoner has (with

certain exceptions not relevant here) exhausted state remedies.  28 U.S.C. § 2254 (a)-(c).

If a prisoner's claims have been adjudicated on their merits at the state court level, such

application can only be granted if the state court acted contrary to, or unreasonably

applied, "clearly established Federal law, as determined by the Supreme Court of the

United States," or if the state court's ruling "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  *Id*. § 2254(d)(1)-(2).  When reviewing the application, the federal court

must be "highly deferential" to the rulings of the state court.  *Woodford v. Visciotti*, 537

U.S. 19, 24 (2002).

## IV.   ANALYSIS

### A.     Petitioner's Ineffective Assistance of Counsel Claims

It is clearly established federal law that the Sixth Amendment of the U.S.

Constitution guarantees the right to effective assistance of counsel at trial.  *Strickland v.*

*Washington*, 466 U.S. 668, 686 (1984).  For Petitioner to succeed on his claims of

ineffective assistance of counsel, he must demonstrate both that (1) "counsel's

representation fell below an objective standard of reasonableness," and (2) "the

deficient performance prejudiced the defense."  *Id.* at 687-88.  For counsel's performance

to fall outside the bounds of professional reasonableness, Petitioner must show "that

counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment."  *Id*. at 687.   To show prejudice,

7

Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. A court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

Further, when reviewing a claim of ineffectiveness of counsel which has been denied by the state court, the burden of demonstrating ineffectiveness is even heavier— "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter v. Harrington*, 131 S. Ct. at 788 (internal citations and quotations omitted). "When § 2254 applies, the question is not whether counsel's actions were reasonable[; rather, t]he question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### i.    Petitioner's First Trial Counsel Was Not Ineffective

Petitioner contends that, during his first trial, he was deprived of competent counsel because his attorney, Mr. Gerard Montrose, failed to investigate or develop the victim's testimony, leading to "inept" cross examination of the victim during her video deposition. *Doc. 1* at 6. Beyond this conclusory allegation, Petitioner provides no further detail about how Mr. Montrose was constitutionally insufficient. While the Court must construe Petitioner's pleading broadly because he proceeds *pro se*, it cannot

8

assume the role of advocate and generate legal theories or facts Petitioner has not

himself presented. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory

allegations without supporting factual averments are insufficient to state a claim on

which relief can be based." *Id.* (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th

Cir.1989)).  Further, I note that Petitioner's first trial ended in a mistrial (*see doc. 1* at 6),

not a conviction, which militates against Petitioner's claim that his counsel was

constitutionally ineffective.  Because Petitioner has failed to make a sufficient showing

under either *Strickland* prong, I recommend the Court dismiss this claim.

### ii.    Petitioner's Second Trial Counsel Was Not Ineffective

Petitioner alleges he again received ineffective assistance at his second trial,

when his new trial counsel, Mr. Jeffrey Jones, failed to adequately develop the victim's

testimony by not obtaining a second videotaped deposition of the child victim.  *Doc. 1* at

6.  In order to succeed on this claim, Petitioner "must overcome the presumption that,

under the circumstances, the challenged action might be considered sound trial

strategy." *Strickland*, 466 U.S. at 687.

A review of the record indicates that on May 20, 2008, prior to the

commencement of Petitioner's second trial, Mr. Jones moved the court to allow him to

interview the child victim himself, to compel the victim to testify live a trial, and/or to

allow the jury to view her safehouse[5] interview.  Record Proper (RP) at 261-263.  Mr. Jones was ultimately unsuccessful in obtaining either the live testimony, or a second video-deposition, of the child victim and the original deposition was played at trial. *Doc. 1* at 7.  However, the alternative relief requested by Mr. Jones in his motion, namely the admission of the child victim's safehouse interview, was permitted at the second trial.  Trial Tr. at 242, 247.

Petitioner fails to set forth any facts that would indicate that Mr. Jone's motion was somehow an unreasonable tactical decision on the part of counsel.  Further, "[t]actical decisions, whether . . . successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance."  *United States v. Murphy*, 156 F. App'x 90, 92 (10th Cir. December 1, 2005) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)).  The fact that Mr. Jones' motion was ultimately partially unsuccessful does not render his actions constitutionally ineffective.  Nor does Mr. Jones' statement that he subjectively believed he was rendered ineffective by the inability to cross examine the victim (Trial Tr. at 168:11-16) bear on *Strickland*'s objective standard.  Because Petitioner cannot demonstrate that Mr. Jones' decision to file the motion was objectively unreasonable, his claim fails the first prong of *Strickland* and should be dismissed.

### iii.  Petitioner's Appellate Counsel Was Not Ineffective

---

[5] A safehouse interview is a forensic interview conducted by a police investigator trained to interview children. Trial Tr. 195:13-21.  A safehouse interview was conducted with the child victim on August 13, 2004. Trial Tr. at 195:8-12.

Finally, Petitioner also alleges that his appellate counsel was rendered ineffective by counsel's refusal to communicate with Petitioner.  *Doc. 1* at 22. He complains that because appellate counsel ignored him, appellate counsel did not learn of, and failed to raise, numerous issues on appeal.  *Id.*   In order to succeed on this type of ineffective assistance of counsel claim, Petitioner must show that his appellate counsel was objectively unreasonable "in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them."  *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citing *Strickland*, 466 U.S. at 687-91).  He must also show that counsel's errors caused him prejudice.  *Id.* Unfortunately, Petitioner does not specify what issues appellate counsel allegedly failed to raise.  As such, the Court has no basis on which to determine whether or not appellate counsel's failure to raise them could constitute ineffective assistance.  *Hall*, 935 F.2d at 1110.  Further, the Sixth Amendment "does not require an attorney to raise every nonfrivolous issue on appeal." *Banks v. Reynolds*, 54 F.3d 1508, 1515 (10th Cir. 1995) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).  In light of the foregoing, Petitioner has failed to demonstrate that appellate counsel's performance was objectively unreasonable under *Strickland*, and this claim should be dismissed.

## B.    Petitioner's Fifth Amendment Due Process and Sixth Amendment Confrontation Clause Claims

Because of the age of the victim at the time of Petitioner's first trial, she was deposed by Mr. Montrose in a video deposition prior to the trial, in accordance with

11

New Mexico law.   Upon retrial, as discussed above, the original deposition was the only testimony provided from the child victim, despite—according to Petitioner—the child victim having made statements inconsistent with her deposition testimony in other, later interviews with psychologists and law enforcement officials.  *Doc. 1* at 7. Petitioner contends that by not allowing him to be present in the courtroom during the victim's deposition, as well as by not requiring the child victim to be redeposed or to testify in person, the trial court denied him his Fifth Amendment Due Process and Sixth Amendment Confrontation Clause rights.  *Id.*

It is not clear what right Petitioner means to invoke in citing to the Fifth Amendment.  He does not appear to reference the right against self-incrimination, as his argument on this ground relates solely to the introduction of the victim's video deposition. *Id.*  He also makes passing reference to the Fourteenth Amendment. Construing, as I must, Petitioner's pleadings to give full legal effect to his argument, I assume Petitioner is not attempting to bring an independent constitutional claim under the Fifth or Fourteenth Amendment, but referencing the fact that the Confrontation Clause of the Sixth Amendment is applied to the states through the Fourteenth Amendment.  *See Pointer v. Texas*, 380 U.S. 400, 403 (1965).

> **i.    Petitioner's Sixth Amendment Confrontation Clause right was not violated by the admission of the video deposition**

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses

against him." This rule applies to both federal and state prosecutions. *Crawford v. Washington*, 541 U.S. 36, 42 (2004). As the Supreme Court explained in *Crawford*, "the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Id.* at 61.

New Mexico law recognizes, however, that in the context of child sexual abuse cases, the constitutional right of the defendant to confront witnesses against him must be balanced against protecting the psychological health of the child victim. *See* N.M.S.A. 1978 § 30-9-17; Rule 5–504(A) NMRA 2003 ("[T]he district court may order the taking of a videotaped deposition of the victim, upon a showing that the child may be unable to testify without suffering unreasonable and unnecessary mental or emotional harm"); *State v. Vigil*, 711 P.2d 28, 31 (N.M. Ct. App. 1985). In order to satisfy the requirements of the Sixth Amendment, the New Mexico Supreme Court has held that, during the deposition, the presiding judge and counsel for the defendant must be present in the room with the witness, defense counsel must be given the opportunity to cross examine the victim, and the defendant must be present in the building where the deposition takes place and able to communicate with his attorney during that time. *State v. Fairweather*, 863 P.2d 1077, 1083-84 (N.M. 1993). Petitioner does not argue that the procedural safeguards required under New Mexico law were not followed during

13

the first video deposition.  Instead, he argues that he should have been allowed, in any case, to be present during the deposition.  *Doc. 1* at 6.  He also points to the twenty-one month gap between his first and second trials, during which time the victim made apparently inconsistent statements about the events at issue, and the fact that Mr. Jones was not given the opportunity to cross examine the victim about them.  *Doc. 1* at 7.  These inconsistent statements, Petitioner insists, entitled him to either a new video deposition of the victim or for the victim to be compelled to testify live at the second trial.  *Id.*

First, as the New Mexico Supreme Court explained in *Fairweather*, Petitioner did not have a constitutional right to be present during the video deposition.  863 P.2d at 462.  Further, requiring the victim to testify in the second trial, at which time she was approximately thirteen years old and still under the protection of Section 30-9-17, raises precisely the same issues as requiring her to testify in the first trial.  The record shows that not only did the trial court establish that requiring the victim to testify at the second trial posed the same threat of psychological harm as requiring her to testify at the first trial (RP CD-ROM, Nov. 19, 2008 at 8:22:45-8:26:53), the trial court also granted Petitioner's requested alternative relief by allowing Petitioner to introduce the August 13, 2004 safehouse interview and deposition to the jury, which contained the supposedly inconsistent statements.  Trial Tr. at 242, 247.  Given that the only element of the video deposition Petitioner challenges (the fact that he wasn't present) is not a *per*

14

*se* constitutional violation, I cannot find that the New Mexico Supreme Court either acted contrary to, or unreasonably applied, clearly established federal law or that the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" in finding that Petitioner's Sixth Amendment rights were not violated by the reuse of the video deposition in Petitioner's second trial. *Id.* § 2254(d)(1)-(2).  I recommend that this claim be dismissed.

### C.      Petitioner's Challenges to the Trial Court's Evidentiary Rulings

Petitioner argues that the trial court violated his Fifth , Sixth, and Fourteenth Amendment constitutional rights when it erroneously admitted sexually explicit drawings found in a cell adjacent to his cell while he was imprisoned at the Dona Ana County Detention Center in October 2005  and the testimony of the victim's psychologist .  *Doc. 1* at 8.

As to the sexually explicit drawings, if Petitioner is intending to raise a Fifth Amendment claim against self-incrimination, the United Supreme Court has explained that this privilege "protects a person only against being incriminated by his own compelled testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409 (1976). Here, there is no indication that Petitioner was compelled to make these drawings and therefore this claim fails. *See* Trial Tr. 454:6-455:10, 460:22-461:7, 463:16-464:15, 465:2-7. If, instead, Petitioner intended to challenge the propriety of the state court's evidentiary ruling, he does not raise a cognizable claim.  A petitioner for habeas corpus is limited by

15

28 U.S.C. § 2254 to raising claims implicating the Constitution or laws or treaties of the United States. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). This reasoning is equally applicable to the supposedly erroneous admission of the psychologist's testimony. I recommend, therefore, that these claims be denied.

### D. Petitioner's Challenge to the Trial Court's Failure to Rule On Pre-Trial Motions, and to Grant an Evidentiary Hearing on Petitioner's Assertion of Actual Innocence

Next, Petitioner alleges that the trial court violated his constitutional rights by failing to rule on his pre-trial motions. *Doc. 1* at 17, 22, 24. As with the evidentiary rulings made by the trial court, this failure to rule on pre-trial motions is a question of state law, and furthermore, Petitioner provides no detail as to what these motions are or how the trial court's failure to rule on them adversely affected his trial. *See Estelle*, 502 U.S. at 68. For these reasons, this claim should be denied.

### E. The Trial Court's Admission of Sergeant Wright's Testimony

Petitioner alleges that the trial court erred in admitting an unrecorded and "un-Mirandized" statement made by Petitioner to Sergeant Lindell Wright during an interrogation conducted following a polygraph test given to Petitioner on August 12, 2004. *Doc. 1* at 10. The Court cannot find any support for the proposition that the mere fact that Petitioner's statement to Sergeant Wright was unrecorded would in any way render it inadmissible at trial. As to Plaintiff's contention that the statement was

16

improperly admitted because he had not been given a *Miranda* warning, per *Dickerson v. United States*, 530 U.S. 428, 438 (2000), the admission by a trial court of a statement taken in violation of *Miranda* is a significant constitutional error. However, the admission of the statement alone is not, in and of itself, a sufficient basis on which to grant habeas relief: the Court must also be satisfied that the admission of said statement did not constitute a harmless error by the trial court. *Abraham v. Kansas*, 211 F. Supp. 2d 1308, 1322 (D. Kan. 2002). Here, Petitioner has provided the Court with no details about the content or circumstances of the statement itself, making it impossible for the Court to conduct any such analysis. In the absence of such information, the Court cannot grant habeas relief on this claim. *Hall*, 935 F.2d at 1110.

### F. Petitioner's Challenge to the Trial Court's Failure to Grant a Motion For Directed Verdict and/or A Bill of Particulars and the State's Failure to Demonstrate Jurisdiction

Petitioner also challenges the sufficiency of the evidence at trial, arguing that the state district court should have granted him a directed verdict and bill of particulars.[6] *Doc. 1* at 18. The Tenth Circuit has recognized that a claim alleging that the trial court improperly failed to direct a verdict is essentially a due process claim that the evidence against the defendant was insufficient to support the verdict. *Wright v. Hines*, 42 F. App'x 375, 376 (10th Cir. 2002); *see also Lawrence v. Jones*, 2011 WL 5086348, at *3-*4 (N.D.

---

[6] In fact, there is no record of any trial court ruling on the bill of particulars, but in any case, a bill of particulars is an issue of state law and therefore not amenable to adjudication by this Court. *See Estelle*, 502 U.S. at 68.

Okla. Oct. 26, 2011).  For a conviction, the Fourteenth Amendment's Due Process Clause requires the prosecution to prove each element of an offense beyond a reasonable doubt. *See In Re Winship*, 397 U.S. 358, 364 (1970). Petitioner contends that the charges against him were redundant and "there was more than enough equal inference of innocents to support a direct verdict where direct medical evidence does not support the claim that sexual acts occurred." *Doc. 1* at 18 (original wording). Thus, according to the Petitioner, the trial court improperly denied his motion for a directed verdict.

In adjudicating an insufficiency of the evidence claim, the habeas court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt*." Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Wright v. Hines*, 42 Fed. App'x 375, 376 (10th Cir. 2002) (when determining whether the trial court had erred in failing to grant a motion for a directed verdict, the court must determine whether the evidence was sufficient under *Jackson*). This review is "sharply limited," and federal courts are not to weigh conflicting evidence or consider the credibility of witnesses. *See Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996). "The inquiry is based upon the entire record and the reasoning process actually used by the trier of fact, known or not, is not considered." *Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003) (citation omitted).

Petitioner was charged with nine counts of first degree criminal sexual penetration of a minor and six counts of criminal sexual contact with a minor, one count of first degree kidnapping, one count of sexual exploitation of a child and two counts of contributing to the delinquency of a minor.  RP at 1.  At the close of the State's case, Petitioner moved for a directed verdict, arguing that the State could only prove four incidents of criminal sexual penetration and no incidents of contributing to the delinquency of a minor because those counts were based on the failure to ensure that the victim attended school.  Trial Tr. at 570:14-571:23.   The trial court ultimately instructed the jury as to three counts each for criminal sexual penetration of a minor in the first degree involving anal penetration and sexual intercourse; one count of cunnilingus, and two counts of fellatio, as well as two counts of contributing to the delinquency of a minor.  RP at 318-349.  In order to convict Petitioner of each of the counts of criminal sexual penetration, the jury had to find beyond a reasonable doubt that he "caused [Victim] to engage in" the specified type of penetration, that she "was 12 years of age or younger," at the time of the act, and that the act occurred "in New Mexico on or between October 31, 2003 and August 5, 2004." *Id*.  To convict Petitioner of the delinquency counts, the jury had to find beyond a reasonable doubt that Petitioner committed one of the specified acts of delinquency (including, as relevant here, failing to ensure that the child attend school), that these actions caused the victim to conduct herself in a manner injurious to herself, that the victim was 18 years of age or younger

at the time of the act, and that the act occurred "in New Mexico on or between October 31, 2003 and August 5, 2004." *Id.*

A review of the record shows that the State presented evidence that Petitioner did in fact penetrate the victim anally once when the family stayed in a room at the Coachlight Inn and more than once, and possibly as many as five times, when the family was living on a bus; he penetrated her vaginally on as many as five occasions on the bus and more than once at the motel; he performed cunnilingus on her once on the bus; and forced her to perform fellatio once or twice in the motel and four times on the bus. Trial Tr. 204:15-20; 247. Further, she had not received formal schooling and was unable to read. Trial Tr. 273:5-274:10. All of these events occurred when she was nine years old and the family was living in Las Cruces. *See, e.g.,* Trial Tr. 201:7-16, 207:21-210:3.

Based on a review of the entire record of Petitioner's second trial, the State met its burden of producing evidence that could demonstrate, beyond a reasonable doubt to a rational trier of fact, that Petitioner committed the crimes alleged and in the jurisdiction alleged. Petitioner's Fourteenth Amendment Due Process claims on the basis of insufficient evidence as to the essential elements of the crimes should be dismissed.

**G.     The Prosecution's Alleged Failure To Disclose Evidence Favorable to Petitioner**

Finally, Petitioner alleges that his Fifth and Fourteenth Amendment Due Process rights were violated when the State failed to disclose the following items of evidence: "statements, safehouse videotapes, tangible objects, reports, inventory of seized property, medical exam of other alleged sexual assault, and all other material required . . . for the Prosecution to disclose to the defense." *Doc. 1* at 15 (original wording). "[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97; *see also Smith v. Secretary of N.M. Dept. of Corr.*, 50 F.3d 801, 823 ("The essence of the *Brady* rule is the proposition that nondisclosure of material exculpatory evidence violates a defendant's due process right to a fair trial.")

In order to establish a *Brady* violation, the defendant bears the burden of establishing: "1) that the prosecution suppressed evidence; 2) that the evidence was favorable to the accused; and 3) that the evidence was material." *United States v. Hughes*, 33 F.3d 1248, 1251 (10th Cir. 1994) (citing *United States v. DeLuna*, 10 F.3d 1529, 1534 (10th Cir. 1993). As to the safehouse interviews, the prosecution manifestly disclosed them to Petitioner, since Petitioner's counsel Mr. Jones both referenced them in his motion to redepose the victim (RP at 262) and the first safehouse interview was played at the second trial. As to the remaining items, Petitioner provides insufficient detail as to the nature of the alleged evidence suppressed such that any meaningful analysis

could be conducted.  Because Petitioner has failed to carry his burden of establishing a

*Brady* violation, I recommend that this claim be dismissed.

## V.   CONCLUSION

For the forgoing reasons, Petitioner has failed to state any viable claims for relief

under 28 U.S.C. § 2254.  I therefore recommend that his Petition be dismissed with

prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**