IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG ALAN PIERI,

    Petitioner,

v.                                                         Civ. 13-464 MCA/GBW

JAMES JANECKA and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

This matter comes before the Court on Petitioner's and Respondents' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD). *Docs. 19, 20, 21.*

## I.  Procedural Background

On October 24, 2013, the Magistrate Judge filed an initial PFRD (*doc. 13*), in which he opined that Petitioner had presented a mixed Petition containing exhausted and unexhausted claims. As such, the Magistrate Judge recommended that Petitioner be given the opportunity to dismiss the unexhausted claim. *Doc. 13* at 11. On November 4, 2013, Petitioner filed a motion in which he agreed to dismiss the unexhausted claim. *Doc. 14.*

1

On that basis, the Magistrate Judge filed a second PFRD on February 18, 2014, this time considering the merits of the Petition and recommending dismissal of the Petition. *Doc. 19.* On February 28, 2014, Respondents filed Objections to the PFRD. *Doc. 20.* Petitioner filed Objections on March 10, 2014. *Doc. 21.*

**II.   STANDARD OF REVIEW**

Once a party objects to the Magistrate Judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). Because "the filing of objections . . . enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," only objections that are "sufficiently specific to focus the district court's attention" on the central disputes will be considered. *Id.* at 1059-1060. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

**III.   ANALYSIS**

As an initial matter, since no objections were filed to the Magistrate Judge's initial PFRD (*doc. 13*), the Court will adopt the Magistrate Judge's first PFRD. Further,

2

in light of the Court's adoption of the Magistrate Judge's first PFRD, the Court will also grant Petitioner's motion to voluntarily dismiss his unexhausted claim. *See doc. 14.*

### A. Petitioner's Objections to the Magistrate Judge's Second PFRD

As to the Magistrate Judge's second PFRD, Petitioner objects to the Magistrate Judge's recommendations of dismissal for each of his claims. Each of these objections is meritless.

#### 1. Petitioner's Ineffective Assistance of Counsel Claims

Petitioner raised three ineffective assistance of counsel claims pertaining to the performance of his first and second trial counsel, as well as his appellate attorney. *See doc. 1.* The Magistrate Judge found that for the first trial counsel, Petitioner had failed to provide more than conclusory allegations of ineffectiveness, and as to the second and appellate counsel, that Petitioner had failed to demonstrate that their performance was objectively unreasonable under *Strickland*.

Petitioner's objection to the Magistrate Judge's conclusion on his first trial counsel is simply a reiteration of his original argument that counsel conducted a substandard cross-examination of the child victim. *Doc. 21 at 1.* He does not point to any error of fact or law in the Magistrate Judge's recommendation that would disturb the Magistrate's finding. This objection is overruled.

The objection to the Magistrate Judge's recommendation as to his second trial counsel similarly reprises Petitioner's argument that trial counsel was ineffective

because he was denied the ability to cross-examine the victim. *Doc. 21* at 2. He also augments his ineffective assistance of counsel claim by arguing that second trial counsel was ineffective when he "implied the presumption of guilt during request for direct verdict" (original wording). *Id.* To the extent that Petitioner objects to the Magistrate Judge's recommendation, the Court finds no basis on which to disregard the Magistrate Judge's recommendation. Further, as to the new information Petitioner now asserts about counsel's conduct during his argument for directed verdict, the Court will disregard it. *Marshall*, 75 F.3d at 1426. This objection is overruled.

Finally, Petitioner's objection to the Magistrate Judge's *Strickland* analysis of appellate counsel is nothing more than a conclusory paragraph that fails to address the Magistrate Judge's finding that Petitioner had failed to demonstrate that appellate counsel's conduct fell below an objective standard of reasonableness. This objection is insufficiently specific and is therefore overruled.

### 2. Petitioner's Sixth Amendment Confrontation Clause Claim

Petitioner argued that by allowing the victim to testify via video deposition from the first trial in his second trial, he was denied the right to confront his accuser. *See doc. 1.* The crux of Petitioner's argument was that the redeposition of the victim was necessary in order to address the alleged inconsistencies between her original deposition testimony and her safehouse interviews. *Id.* The Magistrate Judge found both that the original deposition was conducted in accordance with New Mexico law

and that the admission of the same deposition at the second trial was not a violation of Petitioner's Sixth Amendment rights. *Doc. 19* at 15.

Petitioner now argues that N.M.S.A. 1978 § 30-9-17 requires that a witness be made available for live testimony if new evidence is discovered, and further contends that the safehouse interviews constituted new evidence discovered prior to the second trial. Not only does the Court find no support for Petitioner's claim under New Mexico law, but, as the Magistrate Judge pointed out, one of the safehouse interviews was in fact introduced at trial.[1] *Doc. 19* at 14. Petitioner provides no other basis on which this Court can conclude that his Sixth Amendment rights were violated. This objection is overruled.

### 3. Petitioner's Challenges to the Trial Court's Evidentiary Rulings

In his report, the Magistrate Judge found that Petitioner's challenges to the trial court's admission of certain evidence and testimony[2] were not appropriate subjects of § 2254 review, citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). *Doc. 19* at 16. Petitioner's objection does not address this conclusion. Nor does this Court find that conclusion to be in error. This objection is overruled.

---

[1] Further, Petitioner's counsel was aware of both videos, as he referenced both in a motion before the trial court. *Doc. 19* at 21.
[2] A sexually explicit drawing allegedly made by Petitioner and the testimony of a child psychologist, *see doc. 19* at 15.

> **4.  Petitioner's Challenge to the Trial Court's Failure to Rule on Pre-Trial Motions, or to Grant an Evidentiary Hearing on Petitioner's Assertion of Actual Innocence**

In objecting to the Magistrate Judge's finding that Petitioner failed to demonstrate that he had presented claims amenable to adjudication under § 2254, Petitioner now asserts that the trial court violated his constitutional rights by failing to grant Petitioner's motions to admit a variety of different types of evidence and to order the prosecution to produce necessary discovery.  *Doc. 21* at 5.  But Petitioner still fails to explain how the trial court's refusal to grant these motions somehow violated his federal constitutional rights.  Therefore, the Court will adopt the Magistrate Judge's recommendation as to these claims.  The objection is overruled.

> **5.  The Trial Court's Admission of Sergeant Wright's Testimony**

The Magistrate Judge concluded that Petitioner had failed to demonstrate that the admission of Sergeant Wright's testimony about Petitioner's supposedly un*Mirandized* statement at trial did not constitute harmless error.  Petitioner's objection to this finding does not point to any fault in the Magistrate Judge's analysis, and the Court agrees with the Magistrate Judge's finding.  This objection is overruled.

> **6.  Petitioner's Challenge to the Trial Court's Failure to Grant a Motion for Directed Verdict and/or a Bill of Particulars and the State's Failure to Demonstrate Jurisdiction**

Petitioner's objection only makes passing reference to the bill of particulars issue, and focuses instead on what Petitioner contends are inconsistencies in the evidence

presented at trial that necessitated a directed verdict. These are that 1) the State failed to demonstrate the crimes took place in New Mexico; 2) the State failed to demonstrate that Petitioner's family had rented a room at the motel where some of the criminal acts took place; 3) the State failed to demonstrate that that the child victim was present in one of the other locations in which the crimes took place; 4) medical testimony could not confirm the alleged sexual abuse; 5) the State had failed to demonstrate delinquency.

As the Magistrate Judge explained, a claim of improper denial of a directed verdict is treated as an insufficiency of evidence claim. *Doc. 19* at 17. The review of a sufficiency of the evidence claim requires the habeas court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); s*ee also Wright v. Hines*, 42 F. App'x 375, 376 (10th Cir. 2002) (when determining whether the trial court had erred in failing to grant a motion for a directed verdict, the court must determine whether the evidence was sufficient under *Jackson*). But the reviewing federal courts may not weigh conflicting evidence or consider the credibility of witnesses. *See Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996). "The inquiry is based upon the entire record and the reasoning process actually used by the trier of fact, known or not, is not considered." *Torres v. Mullin*, 317 F.3d 1145, 1151 (10th Cir. 2003) (citation omitted).

The Magistrate Judge found, and the Court agrees, that the trial court record demonstrates that there was sufficient evidence on which to convict Petitioner of the crimes alleged. Petitioner's contentions relate only to conflicting evidence, an argument that this Court is forbidden to consider. Petitioner's objection is overruled.

### 7. The Prosecution's Alleged Failure To Disclose Evidence Favorable to Petitioner

Finally, Petitioner alleged *Brady* violations on the part of the prosecution, for which the Magistrate Judge concluded that he had failed to meet his burden of demonstrating "1) that the prosecution suppressed evidence; 2) that the evidence was favorable to the accused; and 3) that the evidence was material." *United States v. Hughes*, 33 F.3d 1248, 1251 (10th Cir. 1994) (citing *United States v. DeLuna*, 10 F.3d 1529, 1534 (10th Cir. 1993)). Petitioner's objections do not meet this demanding standard, but instead provide a laundry list of allegedly undisclosed evidence with no explanation either as to why the evidence would be favorable to him, nor why it would be considered material. This objection is also overruled.

### B. Respondents' Objections to the Magistrate Judge's Second PFRD

Respondents object to the Magistrate Judge's analysis of Petitioner's ineffective assistance of counsel claims as against his first and second trial counsel, and his appellate counsel. *See generally doc. 20.* Respondents argue that while the Magistrate Judge correctly determined that none of these claims were meritorious, he should have included "additional and alternative bas(es)" for his findings. *Id.* Specifically,

8

Respondents argue that the Magistrate Judge's findings should have included a consideration of both prongs of the *Strickland* analysis, rather than a single prong.  *Id.*

Regarding Petitioner's ineffective assistance of counsel claim concerning his first trial attorney, the Magistrate Judge found that Petitioner failed to sufficiently articulate any claim of ineffective assistance under either prong of *Strickland*. Doc. 19 at 9. Respondents request the addition of the finding that because Petitioner's first trial ended in a mistrial, Petitioner's ineffective assistance of counsel claim fails as a matter of law under a plain reading of 28 U.S.C. § 2254. Doc. 20 at 2.  However, nowhere in Respondents' prior briefing have Respondents raised this argument. Because they failed to do so, they cannot now make this argument for the first instance in their objections. *Marshall*, 75 F.3d at 1426.  This objection is overruled.

The Magistrate Judge determined that Petitioner's ineffective assistance of counsel claim regarding his second trial counsel failed because Petitioner could not demonstrate that his trial counsel's conduct was objectively unreasonable. Doc. 19 at 10. Respondents do not object to this finding, but request that the Court also find that counsel's performance did not prejudice Petitioner. Doc. 20 at 3. However, as Respondents themselves acknowledge, such a finding is unnecessary. *Id., see Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).  The Court sees no reason to reach a conclusion as to the second prong of *Strickland* when the Tenth Circuit has held that a finding as to one prong is sufficient.  This objection is overruled.

Finally, the Magistrate Judge recommended that Petitioner's ineffective assistance of counsel claim relating to his appellate counsel be dismissed because Petitioner failed to articulate a basis on which the Court could conclude that counsel's performance fell below an objectively reasonable standard. *Doc. 19* at 11. Respondents again take no issue with the Magistrate Judge's finding but request an additional finding on the second prong of *Strickland*. For the reasons articulated above, this objection is also overruled.

IV.  **CONCLUSION**

For the foregoing reasons, the Court will ADOPT the Magistrate Judge's first PFRD (*doc. 13*), and GRANT Petitioner's Motion to dismiss his unexhausted claim (*doc. 14*). As to the Magistrate Judge's second PFRD (*doc. 19*), the Court has reviewed *de novo* the portions of the Magistrate Judge's proposed findings and recommendations to which Petitioner and Respondents have made objections. The Court finds each objection to be without merit, and agrees with the Magistrates Judge's analysis. As such, the Court OVERRULES Petitioner's and Respondents' Objections and ADOPTS the proposed findings and recommended disposition.

Wherefore, IT IS HEREBY ORDERED that the Petition for habeas corpus is DISMISSED with prejudice.

_____
THE HONORABLE M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE